# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF GEORGIA

Gainsville

~~ATLANTA~~ DIVISION


**RONNIE THOMPSON**

Plaintiff

vs.

OCWEN LOAN SERVICING,LLC.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,Inc.

MERSCORP, INC

FEDERAL HOME LOAN MORTGAGE CORPORATION

Defendants

**CIVIL ACTION**

FILE NO. 2:13-CV- 117

**JURY TRIAL DEMANDED**

---

## VERIFIED PETETION AND COMPLAINT

Comes now, Ronnie Thompson, the petitioner and plaintiff in the above-styled action (hereinafter referred to as "Plaintiff"), and hereby files this verified complaint against the defendant Ocwen Loan Servicing, LLC (hereinafter referred to as Ocwen); the defendant Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as "MERS"); and the defendant Merscorp, Inc. (hereinafter referred to as "Merscorp") and would respectfully show this honorable court, as follows:

1

## PARTIES

1.

Plaintiff is a resident and citizen of the State of Georgia, and Plaintiff is the rightful owner of the property which is the subject of this action.

2.

Ocwen is a foreign corporation that does business in the State of Georgia and is subject to the jurisdiction of this Court.

3.

MERS is a foreign corporation that does business in the State of Georgia and is subject to the jurisdiction of this Court.

4.

Merscorp is a foreign corporation that does business in the State of Georgia and is subject to the jurisdiction of this Court.

## DIVERSITY JURISDICTION

5.

There is complete diversity in this action.

6.

The amount in controversy exceeds the statutory requirement.

2

## VENUE

7.

Plaintiff resides in the County of Barrow, State of Georgia.

~~RT~~ 8.

Venue is proper in the ~~Atlanta~~ *Gainsville* Division.

## BACKGROUND

9.

Plaintiff applied for a residential mortgage loan from Countrywide        ,

Inc. (hereinafter referred to as " Countrywide      ."), in the State of Georgia,

the repayment of which was to be secured by the pledge of Georgia real

property as set forth in a uniformly written deed to secure debt.

10.

The closing attorney prepared documents in accordance with closing

instructions submitted to the closing attorney by  Countrywide       without

any input from Plaintiff to said closing attorney.

11.

Plaintiff executed a promissory note in favor of  Countrywide      , but did

not execute any deed to secure debt in favor of  Countrywide.     .

3

12.

· Plaintiff executed a deed to secure debt in favor of MERS; MERS had no

pecuniary interest in the loan transaction.

13.

Said deed to secure debt provides that MERS is the grantee of said

security deed, and that MERS is acting solely as nominee for the lender

Countrywide        and the successors and assigns of said lender.

14.

Countrywide        subsequently transferred the subject promissory note to

Bank of America             (hereinafter referred to as   B of A  ); on

information and belief, the subject deed to secure debt was transferred to

B of A , but said transfer did not comply with the requirements of Georgia law.

15.

Plaintiff initially made payments to   Countrywide     , but, after receiving

written notice of the assignment to B of A, Plaintiff made payments to B of A .

16.

Plaintiff gave written notice to   Countrywide      to send all statements and

notices to    203 Giles Road, Winder,  Georgia 30680. Countrywide,
B of A sent all statements  and notices to said address. Ocwen did not.
They had a machine to schedule phone calls, which they recorded.
No return contact was  allowed.

4

17.

Upon said transfer to B of A, B of A became the servicer of the subject loan;

the promissory note and beneficial interest in the security deed were

subsequently transferred to a third party or third parties, but said transfers did

not comply with the requirements of Georgia law.

18.

Said alleged transfer and any subsequent transfer were not entitled to an

exemption from filing requirements under Georgia law, because the original

lender,  Countrywide    , did not remain the servicer of said loan transaction.

19.

The deed to secure debt did not create any security interest in the subject

property ab initio, because MERS had no pecuniary interest in the loan

transaction.

20.

The deed to secure debt also did not create any security interest in the

subject property ab initio, because the deed to secure debt was separated

5

from the promissory note ab initio.

21.

Furthermore, even if the deed to secure debt had initially been valid, it was separated from the promissory note, when the promissory note was negotiated to B of A, and remained separate when the promissory note was subsequently negotiated th a third party or third parties. As a consequence of said transfers, if there had been any security interest in the subject property, which is expressly denied, said security interest was destroyed.

22.

B of A   was not exempt from filing requirements, but did not file any deed to secure debt in Barrow  County, Georgia records, and did not pay the required fees for recording and stamps.

23.

On information and belief, B of A repeatedly made multiple transfers of the same promissory notes and mortgages to different parties, and Plaintiff therefore believes that B of A may have made multiple transfers of the promissory note which Plaintiff executed in favor of  Countrywide   and the beneficial interest in the subject security deed.

24.

On or about December 1, 2010, proof of a lawful transfer from Countrywide to B of A was requested of B of A. A letter was received from a McCalla Raymer law firm dated December 16, 2010, stating that the loan had been referred to their firm "for handling". The letter also stated that "the debt is owed to B of A, but who may not be the holder of the security deed." A follow-up answer to the request for legal property transfer from B of A was directly by B of A in a letter dated December 28, 2010. The request was "respectfully declined".

25.

The subject promissory note was not negotiated to Ocwen by B of A or any other party; Ocwen is not now, and has never been, the owner of, or the holder of, said promissory note. Ocwen refuses to discuss the loan with Plaintiff, stating that the property now belongs to a realty company. Hours are spent on hold waiting to speak with a "specialist" who is never located.

26.

On or about October the 8th, 2012, Plaintaiff was verbally advised by Ocwen, that a foreclosure date had been set for Nov 6. A scout for Ocwen had visited the property on Friday , Oct 5, 2012, and some flooring and remodeling were now completed . They spoke with a boarder tenant, who advised Plaintiff. Reports of spies with clipboards had been reported to Plaintiff by neighbors, but no contact was ever made directly with the Plaintiff at the residence.

27.

Ocwen had a computer system that would call at a specific future date and time. A representative would take the pre-placed call, speak to you breifly, promise to send a a "loan modification package" (which would never arrive), and scheduled another appointment, in which we would discuss the package that never arrived. A phone number to call them was "not acceptable". An email contact was "not acceptable". No effective two-way commination channel with them was acceptable. When it became clear that no package could be expected to be delivered to the primary address, a secondary address was provided. On or about October 15th ,2012, a complete loan modification package was received. This was sent back completed by October 26,2012.

28.

On Friday October 5th, 2012, Ocwen, a foreign company, sent a spy to the house to question new boarder/tenants.

Plaintiff was not at home, but was advised the following day by tenants that "someone from the bank had been by."

*been scheduled by Ocwen's computer*

*Which was Ocwen's only chosen means and direct communication*

29.

On Monday, October the 8th, 2012,  Plaintiff had a computer scheduled phone appointment, the only way to communicate with Ocwen. After Id preliminaries, the first statement that was made by Ocwen was "that a foreclosure date had been scheduled for November 6, 2012." Plaintiff requested to know the date of this decision . The reply was "Let me see.....(pause),,,today." A payment of $3,000 was declined , and any arrangements to accept that money and work out terms was declined. They *Ocwen* demanded more money than was owed to bring the loan current.

30.

Plaintiff expected to receive the required statutory notice of foreclosure from Ocwen, but never received the required statutory notice.

*2011*

31.

*by phone*

In Jan of 2012 the Barrow Journal newspaper was contacted, and asked about any advertisements of foreclosure regarding the Plaintiff and the the property at 203 Giles Road in Winder and was advised that ads were ran on October dates, 10, 17, 23, and 31st, of 2012, advertising a foreclosure on November the 6th, 2012.

8.

32.

Ocwen is not now, and never has been, the creditor of Plaintiff; furthermore, if Ocwen were a creditor of Plaintiff, which is expressly denied, Ocwen is not, and never has been, a secured creditor of Plaintiff.

33.

On information and belief, Ocwen does not have standing, is not a real party in interest, and is not entitled to pursue a foreclosure action, either nonjudicial or judicial, against Plaintiff.

34.

There is no party whatsoever who has standing, who is a real party in interest, or is entitled to pursue a foreclosure action, either nonjudicial or judicial, against Plaintiff or against Plaintiff's property, because no valid mortgage, trust deed or security deed exists with respect to the subject property.

35.

Any party claiming to be the owner or holder of the promissory note which Plaintiff executed in favor of    Countrywide      is a general, unsecured creditor.

36.

The arrangement set forth in the subject security deed would be an illegal trust, because it purports to convey legal title in the subject property to MERS, but beneficial title to the lender, and to the lender's successors and assigns.

37.

It would be illegal for MERS to serve as a corporate fiduciary, because it has not complied with Georgia law.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment)

38.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

39.

Plaintiff is entitled to a declaratory judgment that the deed to secure debt

which Plaintiff executed in favor of MERS is void and should be cancelled of record.

## SECOND CAUSE OF ACTION

### (Injunctive Relief)

40.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

41.

Plaintiff is entitled to a temporary restraining order, enjoining Ocwen from proceeding with the nonjudicial foreclosure which is currently pending, and enjoining all defendants from pursuing foreclosure against the Subject Property, while this action is pending.

42.

Plaintiff is entitled to a preliminary injunction, enjoining Ocwen and all other defendants from pursuing foreclosure against the Subject Property, while this action is pending.

43.

Plaintiff is entitled to a permanent injunction, enjoining all defendants from pursuing foreclosure against the subject property.

## THIRD CAUSE OF ACTION

### (Cancellation of Deed to Secure Debt)

44.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

45.

Plaintiff is entitled to cancellation of all deeds to secure debt or purported assignments thereof on Barrow County, Georgia records.

46.

The purported assignment of the subject Deed to Secure Debt to Ocwen is fraudulent, because MERS could not be the grantee of a valid mortgage, security deed or trust deed, because MERS expressly was named as only being a nominee. MERS had no pecuniary interest in the subject loan transaction.

47.

Defendants all repeatedly engaged in conduct which is tortious, fraudulent, unconscionable, and a breach of contract.

12

48.

All defendants have unclean hands and would not be entitled to equitable

relief, should any of said defendants seek equitable relief, such as a judicial

foreclosure.

49.

Plaintiff is entitled to a cancellation of any and all deeds to secure debt,

and any and all purported assignments thereof, on Barrow County, Georgia

records.

## FOURTH CAUSE OF ACTION

### (Slander of Title)

50.

Plaintiff incorporates herein each and every allegation stated above, as

fully as if repeated verbatim herein.

51.

The ownership interest of Plaintiff is not subject to the subject Security

Deed, and the purported assignment thereof, pursuant to which the Plaintiff is

attempting to foreclose against the Subject Property.

52.

The Plaintiff has publicly advertised the Subject Property for foreclosure

13

sale.

### 53.

The Security Deed which is the subject of this action and the purported assignment thereof are a cloud upon Plaintiff's title to the subject Property.

### 54.

The cloud on title prevents Plaintiff from having the full enjoyment of his property and from exercising his rights with respect to the Subject Property, including his right to sell the same, if he so desires, or to obtain mortgage loans secured by the Subject Property.

### 55.

Plaintiff is entitled to damages for slander of title.

## FIFTH CAUSE OF ACTION

### (Quiet Title)

### 56.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

### 57.

Both the Security Deed which is the subject of this action and the

purported assignment thereof are a cloud upon Plaintiff's title to the subject Property.

58.

The cloud on title prevents Plaintiff from having full enjoyment of his property and from exercising his rights with respect to the Subject Property, including his right to sell the same, if he so desires, or to obtain a mortgage loan secured by the Subject Property.

59.

Plaintiff is entitled to quiet title with respect to the Subject Property, including an order cancelling all Deeds to Secure Debt recorded against the subject property, and all related assignments thereof which are recorded on Barrow County, Georgia, records.

## SIXTH CAUSE OF ACTION

### (Wrongful Foreclosure)

60.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

61.

Ocwen published a Notice of Sale under Power of the subject property in

the official newspaper for Barrow County, Georgia.

62.

Plaintiff does not know whether Ocwen prepared or attempted to deliver a foreclosure notice, in accordance with the requirements of O.C.G.A. Section 162.1, et seq., because Plaintiff never received the required statutory notice.

63.

Ocwen is only a servicer of the subject loan transaction and is not entitled to pursue a foreclosure action, whether nonjudicial or judicial, because Ocwen has no pecuniary interest in the underlying promissory note, does not have standing, and is not a real party in interest.

64.

All security deeds, and all purported assignments thereof, with respect to the subject property are void, and the purported assignment thereof from MERS to Ocwen is fraudulent, because Countrywide had previously transferred the underlying promissory note to B of A, and MERS did not then, or at any time, hold title to any valid security deed, and had no authority or right to transfer any such instrument.

65.

Plaintiff suffered damages as a result of the nonjudicial foreclosure

16

proceeding, including emotional distress, slander of title, expenses, and other damages, as well as attorney's fees, if Plaintiff is required to retain counsel.

66.

Plaintiff is entitled to damages, both actual and exemplary, for wrongful foreclosure, in an amount to be determined by a jury, attorney's fees, and expenses of action.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

67.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

68.

The acts of the defendants which are recited hereinabove constitute an outrage.

69.

Plaintiff has suffered emotional distress and other injuries as a consequence of said acts.

70.

Plaintiff is entitled to damages, both actual and exemplary, for intentional

17

infliction of emotional distress.

## EIGHTH CAUSE OF ACTION

### (Negligence)

71.

Plaintiff incorporates herein each and every allegation stated above, as fully as if repeated verbatim herein.

72.

The defendants had a duty to act in a fair and reasonable manner when dealing with Plaintiff with respect to all issues related to the subject Security Deed, whether said Security is enforceable, which is expressly denied, or not.

73.

The defendants committed tortious and unconscionable acts towards Plaintiff, continuing up to the present time.

74.

Said tortuous and unconscionable acts include, but are not limited to, the following:

(a) Trying to enforce a deed to secure debt which the defendants knew, or should have known, is void and unenforceable;

18

(b) Making a fraudulent assignment to Ocwen for the purpose of pursuing the instant nonjudicial foreclosure action;

(c)  Giving notice of default to Plaintiff based on a void security deed;

(d)  Accelerating the loan, based on a void security deed;

(e) Pursuing a nonjudicial foreclosure, based on a void security deed;

(f) Placing a Notice of Sale under Power advertisement in the official newspaper for Barrow County , Georgia, based on a void security deed, and a fraudulent assignment thereof;

(g) Pursuing a nonjudicial foreclosure sale without mailing or delivering a copy of the foreclosure sale notice to Plaintiff; and

(h) Pursuing a nonjudicial foreclosure sale based on a notice which does not identify the owner or holder of the promissory note.

75.

The commission of such acts constitutute negligence, and such negligence was wilful, wanton, and grossly negligent.

19

76.

Plaintiff suffered injuries as a consequence of such actions, to include, but

not limited to, emotional distress; slander of title; inability to exercise the full

enjoyment of his property, including the right to sell said property or enter

into mortgage loan transactions; and attorney's fees and other costs.

77.

Plaintiff is entitled to damages, both actual and exemplary, as a

consequence of such actions.

## NINTH CAUSE OF ACTION

### (Racketeer Influenced and Corrupt Organizations Act)

78 .

Plaintiff incorporates herein each and every allegation stated above, as

fully as if repeated verbatim herein.

79.

Plaintiff has committed at least two acts of racketeering activity, both of

which occurred after the effective date of the Racketeer Influenced and

Corrupt Organizations Act., 18 U.S.C. Sections 1961-1968, and the last of

which occurred within ten years after the commission of the prior

racketeering activity.

80.

Said racketeering activity includes fraud by the Plaintiff, including, but not limited to, the following acts:

(a) Obtaining mortgages, security deeds and trust deeds which named MERS as the grantee thereof, when MERS had no pecuniary interest in the transaction;

(b) Recording fraudulent mortgages, security deeds and trust deeds;

(c) Creating fraudulent assignments of mortgages, security deeds and trust deeds;

(d) Recording fraudulent assignments of mortgages, security deeds and trust deeds;

(e) Mailing fraudulent notices of foreclosure letters;

(f) Making fraudulent sales of properties allegedly subject to mortgages, security deeds and trust deeds which were void;

(g) Advertising properties for sale under mortgages, security deeds and trust deeds which were void;

(h) Violating the Real Estate Settlement Procedures Act, 12 U.S.C.

Section 2601 et seq.;

(i) Violating the Truth in Lending Act, 15 U.S. C. Section 1601 et

seq.; and

(j) Pursuing judicial foreclosures based on mortgages, security

deeds and trust deeds which were void;

81.

Plaintiff suffered injuries as a consequence of said fraudulent acts.

82.

Plaintiff is entitled to an award trebling the amount of actual damages.

*punitive demages for* ##

This 1st day of February   2012

Respectfully submitted,

RONNIE THOMPSON

Petitioner-Plaintiff
Pro se

Ronnie Thompson
203 Giles Road
Winder, Georgia 30680
404-462-4188

26

## VERIFICATION

Personally appeared before me,   Ronnie Thompson,   who first being duly

sworn, deposes and says that he is the Petitioner-Plaintiff in the above-

entitled  action, that he prepared and has read the foregoing verified petition

and complaint, that he has personal knowledge of the allegations contained

therein, except those based on information and belief, that the allegations

which are based on personal lnowledge are true, and that he believes that the

allegations based upon information and belief are true.

Further affiant sayeth not.

RONNIE THOMPSON
Petitioner and Plaintiff
Pro se

203 Giles Road
Winder GA   30680
404-462-4188

Sworn to before me,
This      day of



_____
NOTARY PUBLIC
My commission expires   _____
(Notary Seal)

27